LYLE D. WELSH AND BEVERLY A. WELSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Welsh v. Commissioner
Docket No. 12756-87
United States Tax Court
T.C. Memo 1988-512; 1988 Tax Ct. Memo LEXIS 538; 56 T.C.M. (CCH) 560; T.C.M. (RIA) 88512; October 31, 1988; As amended November 3, 1988 *538 Held: Petitioner is not entitled to exclude compensation earned in Saudi Arabia from Federal income tax under section 911 because his abode remained in the United States. C. J. Wofford, Jr., for the petitioners. David G. Hendricks, for the respondent. WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: In a notice of deficiency dated February 9, 1987, respondent determined a deficiency in income tax for the calendar year 1983, in the amount of $ 18,860.40. The issue for decision is whether Lyle D. Welsh is entitled to the foreign-earned income exclusion under section 911 [1] for compensation received in 1983. *540 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Lyle D. Welsh (hereinafter referred to as petitioner) and Beverly A. Welsh resided in Eureka, Kansas, at the time they filed their petition herein. Petitioners filed a joint Federal income tax return for 1983. Petitioner was hired by Zirger Arabia, Ltd., to work for Arabian American Oil Co. (Aramco) in Saudi Arabia, in September 1982. He worked as a supervisory consultant responsible for the unloading and transportation of supplies to drilling sites during 1983. Petitioner's schedule required him to work 56 days and to rest the following 28 days. Of the 28-day rest period, 3 days were spent in transit between Saudi Arabia and the United States. Petitioner was out of the United States and in Saudi Arabia 247 days during the taxable year 1983. Petitioner has never owned a house, apartment, or other type of real property in Saudi Arabia. Petitioner stayed at a bachelor construction camp, which was operated by Aramco, during his work periods. Meals were provided at the Aramco diner. He traveled *541 between the camp and the work site every work shift. After the completion of his work shift, he returned to camp or traveled around Saudi Arabia in order to shop or eat at a restaurant. However, he was restricted from traveling to certain areas in Saudi Arabia. Petitioner, who is a citizen of the United States, was permitted to work in Saudi Arabia under a residence visa issued by the host nation. Petitioner did not maintain a bank account in Saudi Arabia. The wages that he earned in Saudi Arabia were directly deposited in an account in the United States. During 1983, petitioner possessed a Saudi Arabian driver's license as well as a Kansas State driver's license. Petitioner has never voted in the United States, although he may have been registered to vote. Zirger Arabia, Ltd., did not require petitioner to maintain a residence in the United States. During 1983, petitioner's wife and children lived in a rental house and then in a house owned by her parents in Eureka, Kansas. Petitioner has never owned any real estate in the United States. Petitioner visited his family in Eureka, Kansas, every time he was off duty from his employment in Saudi Arabia. Petitioner did not *542 ascertain whether he could have stayed in Saudi Arabia during his rest period because he was interested in returning to Kansas in order to visit his family. Petitioner's transportation to and from Saudi Arabia was furnished by Armaco. On his Federal income tax return for 1983, petitioner reported income of $ 71,630 from Zirger Arabia, Ltd. He claimed a foreign-earned income exclusion in the amount of $ 54,136. Petitioner also claimed a foreign tax credit on his 1983 return. Respondent's notice of deficiency disallowed the foreign income exclusion in 1983. Thus respondent recomputed the amount of petitioner's foreign tax credit. [2]
OPINION An individual qualifies under section 911, as in effect in 1983, for the foreign-earned income exclusion when the *543 individual has a tax home in a foreign country and is either a bona fide resident in a foreign country or physically present in a foreign country for at least 330 full days during any period of 12 consecutive months. Sec. 911(d)(1)(A)-(B). The central issue in this case is whether petitioner had a "tax home" in a foreign country. A "tax home" is defined in section 911(c) as follows: (3) Tax Home. -- The term "tax home" means, with respect to any individual, such individual's home for purposes of section 162(a)(2) (relating to traveling expenses while away from home). An individual shall not be treated as having a tax home in a foreign country for any period for which his abode is within the United States. [Emphasis added.] See sec. 1.911-2(b), Income Tax Regs.
The instant case is controlled by recent decisions of this Court, including Bujol v. Commissioner,T.C. Memo. 1987-230, affd. without published opinion 842 F.2d 328 (5th Cir. 1988), and LeMay v. Commissioner,T.C. Memo. 1987-256, affd. 837 F.2d 681 (5th Cir. 1988). In Bujol and LeMay, the taxpayers were employed on off-shore drilling rigs located *544 in territorial waters of a foreign country. Each taxpayer worked a 28-day period followed by 28 days spent off-duty with his family at his residence in the United States. The taxpayers were required to live on premises provided by their respective employer and had little contact with foreign nationals. In Bujol and LeMay, we concluded that the taxpayer's abode, which was at a location where the taxpayer had strong economic, family, and personal ties, was within the United States. The operative facts in the instant case are not significantly different from those in Bujol and LeMay. Although petitioner was not employed on an offshore drilling rig, the nature of his employment allowed only transitory contacts with Saudi Arabia. See Brobst v. Commissioner,T.C. Memo. 1988-456. He lived at a bachelor camp provided by Aramco. he traveled between the camp and the work site, and he occasionally traveled in Saudi Arabia to shop or to eat. He obtained a Saudi Arabian driver's license; however, he did not relinquish his Kansas driver's license. Thus, petitioner had minimal contact with Saudi Arabian society. Further, he always returned to Kansas at the end *545 of his 56-day work period in order to visit his wife and children. It was not practicable or possible for petitioner to establish an abode in Saudi Arabia. Therefore, we find that petitioner's abode remained in the United States during the years in issue. Sec. 911(d)(1). Accordingly, we hold that petitioner was not entitled to exclude any of his foreign-earned income from United States taxation in the taxable year 1983. Sec. 911(a). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent's statutory notice determined that the income received by petitioner from Zirger Arabia, Ltd., in 1983 was subject to self-employment tax under section 1401. Petitioner's petition did not raise the section 1401 issue. See Rule 34(b)(4). Moreover, during the Tax Court trial, petitioner conceded that he was subject to the self-employment tax. Therefore, the section 1401 issue is not before this Court.↩